Filed 3/24/25  P. v. Belgarde CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100922 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE002270) |
| v. | |
| ASTON WAYNE BELGARDE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Aston Wayne Belgarde has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to Belgarde, we will affirm the judgment.

1

BACKGROUND

Belgarde entered no contest pleas in five cases. In the burglary case, the complaint deemed an information charged Belgarde with two counts of burglary (Pen. Code, § 459)[1] and two counts of vandalism (§ 594, subd. (a)). In the other four cases, Belgarde was charged with two counts of misdemeanor vandalism (§ 594, subd. (b)) and one count each of resisting a peace officer (§ 148, subd. (a)(1)), purchasing or possessing a stun gun after having been previously convicted of a violation of section 71 (§ 22610), and possession of drug paraphernalia (Health & Saf. Code, § 11364).

The prosecutor recited the factual basis that Belgarde committed a residential burglary of a home. That same day, he also broke a window and entered a restaurant where he drank alcohol owned by the restaurant, urinated on the floor, and used the microwave. The parties stipulated to a factual basis for the misdemeanor counts.

In the burglary case, Belgarde pled no contest to two counts of burglary. In two of the misdemeanor cases, he pled no contest to obstructing or resisting a peace officer and misdemeanor vandalism.

Pursuant to the plea agreement, the trial court sentenced Belgarde to the low term of two years in prison for the first burglary conviction and a consecutive term of eight months (one-third the middle term of two years) for the second burglary conviction. The trial court also imposed concurrent 30-day jail terms for two of the misdemeanor cases and dismissed the other two cases with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. The trial court imposed restitution in favor of one victim in the amount of $2,500, restitution in an amount to be determined as to the restaurant, a $1,200 restitution fine (§ 1202.4), an equal parole revocation fine (§ 1202.45), $160 in court operations assessment fees (§ 1465.8), and $120 in conviction assessment fees (Gov. Code, § 70373).

---

[1] Undesignated statutory references are to the Penal Code.

Belgarde filed a timely notice of appeal in April 2024 and did not request a certificate of probable cause. His *Wende* brief was filed in December 2024, and this case became fully briefed on January 21, 2025.

## DISCUSSION

Belgarde's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Belgarde was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. We have not received any communication from Belgarde. We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

## DISPOSITION

The judgment is affirmed.

/s/
BOULWARE EURIE, J.

We concur:


/s/
MAURO, Acting P. J.


/s/
KRAUSE, J.